DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MICHAEL D. VAN DEELEN,**

**Plaintiff,**

v.                                                                          **CIVIL ACTION**

                                                                            **No. 05-2017-KHV-DJW**

**ROBERT FAIRCHILD, et al.,**

**Defendants.**

## <u>MEMORANDUM AND ORDER</u>

Pending before the Court is Plaintiff's Motion fo Leave to File Amended and Supplemental Pleading (doc. 15).  Plaintiff seeks leave to file an amended complaint joining two individuals as defendants and adding a conspiracy claim.  Two of the present defendants, Robert Fairchild and Sherry Bernhardt, oppose the motion on futility grounds.

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course before a responsive pleading is served.[1]  Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[2]  Leave to amend, however, is to be "freely given when justice so requires,"[3] and the Supreme Court has emphasized that "this mandate is to be

---

[1]Fed. R. Civ. P. 15(a).

[2]*Id.*

[3]*Id.*

heeded."[4]  The decision to grant leave to amend, after the permissive period, is within the district court's discretion and will not be disturbed absent an abuse of that discretion.[5]

Although Rule 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile.[6]  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.[7]

Defendants Robert Fairchild and Sherry Bernhardt urge the Court to deny the proposed amendments, arguing that the proposed amendment are fatally deficient.  More specifically, Fairchild and Bernhardt argue that the proposed official capacity claims for money damages asserted against the additional defendants are barred by the Eleventh Amendment.  They also argue that the proposed private capacity claims for money damages asserted against the additional defendants are barred by absolute judicial immunity.  These arguments are similar to those that Fairchild and Bernhardt raise in their own Motions to Dismiss (doc. 5 and 12).  Fairchild and Bernhardt also assert that Plaintiff's proposed conspiracy claim is insufficient to state a claim for relief under 42 U.S.C. § 1983.

The undersigned Magistrate Judge, after consultation with the District Judge, finds that these issues would be more appropriately resolved by way of a motion to dismiss or a motion for summary judgment to be resolved by the District Judge.  The District Judge is in a better position to consider these arguments

---

[4]*Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5]*Woolsey v. Marion Labs., Inc*., 934 F.2d 1452, 1462 (10th Cir. 1991).

[6]*Jefferson County School Dist. No. R-1 v. Moody's Investor's Serv., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999) (citing *Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir.1997)).

[7]*Id*. (citing *TV Communications Network, Inc., v. Turner Network Television, Inc*., 964 F.2d 1022, 1028 (10th Cir.1992)).

at those procedural junctures of this case.         In light of the above, the Court will grant Plaintiff leave to amend and allow Plaintiff the opportunity to assert theses claims.  Plaintiff shall file and serve the Amended and Supplemental Complaint within **ten (10) days** of the date of filing of this Order.

       **IT IS THEREFORE ORDERED** that Plaintiff's Motion fo Leave to File Amended and Supplemental Pleading (doc. 15) is granted.

       **IT IS FURTHER ORDERED** that Plaintiff shall file and serve the Amended and Supplemental Complaint within **ten (10) days** of the date of filing of this Order

       **IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 9th day of June, 2005.

s/ David J. Waxse            
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and pro se parties