DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MICHAEL D. VAN DEELEN,**

                **Plaintiff,**

v.                                           **CIVIL ACTION**

                                                  **No. 05-2017-KHV-DJW**

**ROBERT FAIRCHILD, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Stay (doc. 32). Plaintiff has filed no opposition to the Motion. For the reasons set forth below, the Court will grant the Motion and will stay all Rule 26 and other pretrial proceedings, including the October 11, 2005 telephone scheduling conference, until such time as the Court has ruled on the pending Motions to Dismiss filed by Defendants (doc. 26 & 27).

The Court finds that a stay is appropriate here under the factors set forth in *Wolf v. United States*.[1] *Wolf* held that it is appropriate for a court to stay discovery until a pending motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[2]

The Court also finds a stay to be appropriate given that Defendants' Motions to Dismiss raise issues as to Eleventh Amendment immunity, judicial immunity, and qualified immunity. Defendants are

---

[1] 157 F.R.D. 494, 495 (D. Kan. 1994)

[2] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[3]  "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[4] The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[5]

For the reasons cited above, Defendants' Motion to Stay (doc. 32) is granted.  All pretrial and Rule 26 proceedings, including the planning conference, the telephone scheduling conference set for October 11, 2005, Rule 26(a)(1) disclosures, and discovery, are hereby stayed until the Court has ruled on the pending Motions to Dismiss (doc. 5 & 12).

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 19th day of September, 2005.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and pro se parties

---

[3]*Siegert v. Gilley*, 500 U.S. 226, 232-33, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).

[4]*Id*., 500 U.S. at 232.

[5]*Id*. at 233; *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed. 2d 396 (1982)).

2